IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **MICHAEL BARACK,** | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00864-O-BP |
| | § | |
| **SUNDER ENERGY LLC,** *et al.*, | § | |
| | § | |
|    Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

In this case, Plaintiff and Defendants Freedom Forever, LLC and High Roller Marketing, LLC initially filed a Joint Stipulation of Voluntary Dismissal. ECF No. 6. Because the Joint Stipulation did not indicate whether Defendant Sunder Energy, LLC agreed to the relief requested, the undersigned ordered the parties to file an Amended Joint Stipulation of Voluntary Dismissal or other appropriate pleading stating the position of that defendant. ECF No. 7. On August 23, 2023, Defendants Freedom Forever, LLC and High Roller Marketing, LLC's filed a Notice of Filing Defendant Sunder Energy LLC's Consent to Voluntary Dismissal. ECF No. 8. The attachment to that pleading reflects that Sunder Energy, LLC consents to the stipulated voluntary dismissal of this action. ECF No. 8-1.

An action may be dismissed by a party without order of the court by filing a stipulation of dismissal signed by all parties who have appeared in the action. *See* Fed. R. Civ. P. 41(a)(1)(ii). Because all parties now have stipulated to the dismissal of the action, the case should be dismissed, and formal court action is not necessary. However, entry of a judgment of dismissal with prejudice as the parties request, with each party bearing its own costs and attorneys' fees, would serve administrative and statistical purposes and the interest of justice.

RECOMMENDATION

The undersigned RECOMMENDS that United States District Judge Reed O'Connor dismiss this case with prejudice, with each party bearing its own costs and attorneys' fees.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

SIGNED on August 28, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE